UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ] | |
| | ] | |
| COMMON SENSE MEDIA, LLC, | ] | Case No. 13-129 |
| | ] | (Chapter 7) |
| Debtor. | ] | |
| | | |
| BRYAN S. ROSS, TRUSTEE, | ] | |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| v. | ] | Adv. Proc. No. _____ |
| | ] | |
| CAPITOL HILL PUBLISHING CORP., | ] | |
| | ] | |
| Defendant. | ] | |

## COMPLAINT

TO THE HONORABLE S. MARTIN TEEL, JR., BANKRUPTCY JUDGE:

COMES NOW Bryan S. Ross, Chapter 7 Trustee ("Plaintiff" or "Trustee"), by and through his undersigned attorneys, and as his Complaint respectfully represent as follows:

## JURISDICTION

1. This Court has subject matter jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §§1334, 157 and 11 U.S.C. §§541, 544, 549 and 550.

1

2. This is a core proceeding within the meaning of 28 U.S.C. §157(a)(2)(A) and (O). If and to the extent that any part, portion or aspect of this Adversary Proceeding is beyond the subject matter jurisdiction of this Court, and to the extent it is constitutionally permissible to confer jurisdiction upon this Court by consent, the Trustee hereby grants such consent to the subject matter jurisdiction of this Court, and to the Court's entry of final orders, judgments and decrees, reviewable on appeal only, to the United States District Court for the District of Columbia.

## VENUE

3. Venue of this Adversary Proceeding is proper in this District under 28 U.S.C. §1412.

## PARTIES

4. The Plaintiff is the duly appointed, qualified and serving trustee of the Chapter 7 estate of Common Sense Media, LLC ("Debtor"), which is a debtor in the above-captioned administrative case.

5. On information and belief, defendant Capitol Hill Publishing Corp. ("Capitol Hill Publishing"), is a corporation organized under the laws of the State of New York and/or Delaware, doing business in the District of Columbia, and having its principal place of business the State of New York.

## BACKGROUND FACTS

6. The underlying administrative case of the Debtor was filed on March 5, 2013 ("Petition Date"), when the Debtor filed its voluntary petition under Chapter 7 of the Bankruptcy Code, 11 U.S.C. §101, et seq.

7. After the Petition Date, funds in which the Debtor had an interest and which thus constituted property of the bankruptcy estate of the Debtor under 11 U.S.C. §541, were transferred by checks to Capitol Hill Publishing ("Transfers"), including, without limitation, as follows:

   A. By check dated May 17, 2013, funds in the amount of $27,647.34 were transferred to Capitol Hill Publishing (a copy of the check evidencing this unauthorized post-petition Transfer is attached hereto as an exhibit); and

   B. By check dated June 21, 2013, funds in the amount of $7,099.61 were transferred to Capitol Hill Publishing (a copy of the check evidencing this unauthorized post-petition Transfer is attached hereto as an exhibit)

## COUNT 1
### AVOIDANCE OF UNAUTHORIZED POST-PETITION TRANSFER
### 11 U.S.C. §549

8. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

9. The Transfer was not authorized under §§303(f) or 542(c) of the Bankruptcy Code, and was not otherwise authorized under Title 11, U.S.C., nor by this Court.

10. The Trustee is authorized to bring this action under §549 of the Bankruptcy Code, and to do so pursuant to §549(d) of the Bankruptcy Code at this time due to the inequitable,

obstructionist, delaying and otherwise bad acts of the Debtor resulting in the tolling, on equitable grounds, of the limitations period set forth in said section.

11. Capitol Hill Publishing is the immediate transferee of the Transfer and thus is liable for the return and disgorgement of the Transfer pursuant to §550 of the Bankruptcy Code.

WHEREFORE, the Trustee respectfully requests that the Court enter judgment as follows:

1. As to Count 1 herein, in the amount of no less than $34,746.95, plus interest; and

2. Awarding the Trustee his costs of this litigation and reimbursement of his reasonable legal fees; and

3. Granting to the Trustee such other and further relief as is just and proper.

Dated: January 28, 2016                    Respectfully submitted,

                                          */S/  Jeffrey M. Sherman*
Jeffrey M. Sherman, DC Bar No. 348896
LAW OFFICES OF JEFFREY M. SHERMAN
1600 N. Oak Street #1826
Arlington, VA 22209
(703) 855-7394
jeffreymsherman@gmail.com
Attorneys for the Trustee